## COPELAND v. COPELAND.

1. EVIDENCE—NOTES.—In suit on note, where defendant sets up that his signature to note and receipt on its back were mistakes, and they were intended to be put on another note signed on same date, it is competent to admit in evidence, at instance of defendant, the note so executed by him.

2. IBID.—A CONVERSATION between payee and others about another note by another payer, with reference to note sued on, is competent.

3. NEW TRIAL.—Refusal to grant new trial because verdict is against law and evidence, affirmed.

Before KLUGH, J., Laurens, February, 1901.   Affirmed.

Action by J. W. Copeland against David T. Copeland. From judgment for defendant, plaintiff appeals.

*Mr. N. B. Dial,* for appellant.

*Mr. W. R. Richey,* contra.

June 19, 1902.   The opinion of the Court was delivered by

MR. JUSTICE POPE.   The object of plaintiff's action was to collect from defendant a note for $839.50, dated 17th February, 1885.   This action was commenced on the 13th December, 1900.   The note was credited on the back thereof with a credit in these words: "$150.   Paid on the within note, December 18th, 1894, one hundred and fifty dollars. D. T. Copeland.   (Witnessed) H. D. Henry."   The defendant denied the whole complaint.   He further alleged that if he ever signed the note, his signature was obtained by fraud on the part of the plaintiff, by representing to the defendant that said note was some other paper, which representation was false, and defendant received no consideration therefor.   He further alleged that if his signature was obtained to said note, the same was procured by fraud in representing to the defendant that said note was one of two notes

for $832.46, bearing date February 17th, 1885. He further alleged that if his signature was procured to the note sued on, it was a mistake. He further alleged that if he signed the receipt for $150 on back of note sued on, it was by mistake; he intended to have such credit applied to one of two notes each for $832.46, given on the 17th February, 1885, and which said note represented and covered every cent of defendant's indebtedness to the firm of J. W. Copeland & Co. on that date, who were the assignors of the plaintiff. Defendant pleads the statute of limitations, &c. The issues came on for trial before Judge Klugh and a jury. Verdict was for the defendant. Motion for new trial on minutes of the Court was refused. The plaintiff appealed after entry of judgment on the following grounds, to wit:

"I. Because the Circuit Judge erred in not sustaining plaintiff's objection to the introduction of other notes and papers than the ones sued on, on the ground that they were irrelevant.

"II. Because he erred in not sustaining plaintiff's objection to the testimony as to the Vance note, on the ground the same was irrelevant.

"III. Because he erred in charging defendant's third request, to wit: 'If defendant intended the credit to go on another note, then it should not go thereon,' etc.

"IV. Because he erred in not setting the verdict aside and granting a new trial, on the grounds there was no evidence to support the verdict; and that the same was manifestly against the law of the case and the evidence; inasmuch as defendant admitted the execution of the note and the payment on the same, and offered no evidence nor assigned any reason to defeat the payment of the same."

We will pass upon these grounds of appeal in their order. *First.* We cannot sustain this ground. It is very general. Still, an examination of the "Case for Appeal" shows that defendant in his answer sets up the execution by him of two promissory notes, each for $832.46, on the 17th of February, 1885, which was the very day the

note sued on was alleged to have been signed.   His ground of defense, in part, was that all his signatures to papers on that day were confined to these two notes, each for $832.46. These notes were competent evidence as to issues raised by the pleadings.   This ground of appeal is dismissed.

*Second.* When the plaintiff was on the stand, he was interrogated as to certain declarations made by him to and in the presence of Capt. Hale.   The Vance note was referred to in that conversation, and while the Vance note was referred to on the examination of the witnesses as to plaintiff's declarations, the note itself was not introduced in evidence.   This conversation had direct reference to the note sued on.   There was no error here.

*Third.* This ground of appeal is very indefinite.   The words "etcetera" scarcely find a place in an exception when properly framed.   The Circuit Judge did not charge defendant's third request as it was presented.   The Circuit Judge in passing on this request before the jury was exceedingly careful to say : I charge you that, *subject to the instructions I have already given you in reference to the matter of false representation or fraud and mistake.*   In a careful charge on these matters the Circuit Judge had at length fully explained them to the jury.

*Fourth.* The Circuit Judge had heard all the testimony. If the testimony satisfied him that the issues of fact were fully and squarely put before the jury, he did right not to interfere, unless he was dissatisfied with its sufficiency.   This Court never interferes on appeal with the exercise of this delicate duty by the Circuit Judge. This ground of appeal cannot be sustained.

It is the judgment of this Court, that the judgment of the Circuit Court be and it is affirmed.

MESSRS. JUSTICES GARY and JONES *concur in result.*